Submitted on briefs and record October 3, reversed November 26, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD GERALD FIELDS,
*Appellant.*

## 01C44362; A116156

79 P3d 915

Laura Frikert, Deputy Public Defender, filed the brief for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for identity theft, ORS 165.800, assigning error to the trial court's denial of his motion for a judgment of acquittal. The state confesses error, and we reverse.

During the course of a traffic stop, defendant identified himself as his friend and gave the officer his friend's personal identifying information. As a result, he was charged with and convicted of violating ORS 165.800(1), which provides:

> "A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person."

Defendant argues on appeal that the statute applies only to financial or commercial crimes, not to misidentifying oneself to a police officer. The meaning of "converts to the person's own use" is ambiguous in that respect. The original draft of the statute specifically prohibited a person from misrepresenting to a peace officer or a judge that the person is another person. The legislature deleted that prohibition because of concerns over the cost of enforcing it and because it believed that other statutes already prohibited giving false information to a peace officer. *See, e.g.*, ORS 162.385 (prohibiting giving peace officer false information for a citation). The state concedes that the legislature expressly decided not to apply ORS 165.800 to the facts of this case. We agree.

Reversed.